Dear Mr. Lippman:
The Pilotage Fee Commission questions whether it has the authority to establish a levy, charge, assessment or fee for the purpose of funding the Commission's operational expenses. In short, we believe that the Commission does in fact have authority to fix and establish reasonable fees but only for the purposes set forth in its enabling legislation.
The Commission was created by Act 902 of the 2004 Regular Session. Its purpose is to establish pilotage fees.[1]
Specifically, the Commission has exclusive authority to fix and establish reasonable and just fees and rates for:
 (1) pilotage service to ships and vessels, (2) pilotage service to ships in distress, (3) extraordinary pilotage service, (4) a pilot being carried to sea unwillingly and (5) the detention of a pilot.[2]
These fees and rates provide for all ordinary and necessary operating and administrative costs.[3] Thus, the Commission has the authority to fix and establish fees for the services specified in the statutes. It is our opinion that it does not have authority to establish a fee for any other service than those outlined in the statutes. These fees provide for all operating expenses.
The statutes specifically provide that the Commission may incur necessary expenses in the discharge of its duties and that the costs of salaries, equipment, office space, and administrative expenses are to be paid from self-generated funds or other funds made available to the Commission, i.e. grants or donations.[4] *Page 2 
The Commission also questions whether Act 902, which originated as HB 1708, was properly enacted. Article 7, Section 2.1 of the Louisiana Constitution requires that any new fee or civil fine or an increase in an existing fee or civil fine that is imposed or assessed by the state or any state board must be enacted by a 2/3 vote of the elected members of each house of the legislature. HB 1708 initially passed in the house by a vote of 65-33 (less than 2/3). The senate floor vote was 37-0 (more than 2/3). There were a number of senate committee and floor amendments. The bill went back to the house for a concurring vote. The vote was 104-0 (more than 2/3). Thus, the bill was enacted by more than a 2/3 vote. Additionally, we previously opined that the fees charged by the fee commission for the pilots of the Port of Lake Charles are not actually imposed by the state. Rather, they are paid between private entities and therefore are not subject to Article 7, Section 2.1.[5] We recognize this opinion involved a different commission but it is our understanding that the fees assessed by the current commission are likewise paid between private entities.
With kindest regards,
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: _____________________________ TINA VICARI GRANT Assistant Attorney General
[1] La. R.S. 34:1121.
[2] La. R.S. 34:1122.
[3] Id.
[4] La. R.S. 34:1125.
[5] Attorney General Opinion No. 97-216.